**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| VELDA SLABAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| FOREST RIVER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

The Plaintiff, by counsel, alleges against the Defendant as follows:

1.  The Plaintiff is Velda Slabaugh, a qualified employee of Defendant at all times material to this Complaint.   Plaintiff alleges Defendant interfered with her right to utilize time off work to tend to her serious medical condition in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and retaliated against Plaintiff for being entitled to utilize the FMLA to tend to her serious medical condition.

2.  The Defendant is Forest River, Inc., a company doing business at 827 Lake Street, Topeka, Indiana 46571, with a principal office address of 900 CR 1 N, P.O. Box 3030, Elkhart, IN 46514.   Defendant's registered agent is Darrel O. Ritchie, 900 CR 1 N, Elkhart, IN 46514.   Defendant is an "employer" for the purposes of the FMLA.

3.  Plaintiff worked full time for Defendant at its Topeka plant, where Defendant employs more than fifty (50) people, from June 2019 until her termination on February 26, 2021. At the time of separation from employment, Plaintiff's job title was "genera laborer."

4.  On or about July 17, 2020, after Plaintiff became eligible to utilize the FMLA, she

1

suffered a knee injury outside of work.   Plaintiff's doctor took her off work until July 23, 2020 and referred her to see an orthopedic surgeon.

5.  On July 29, 2020, Plaintiff and her surgeon decided to attempt to remedy her knee injury with cortisone shots and hold off on surgery.   Plaintiff's doctor took her off work until July 30, 2020, and she returned with restrictions of "no stair climbing" until August 3, 2020.   Plaintiff provided the doctor note with the restrictions to Assistant Plant Manager Richard Fry.   Defendant did not honor the restrictions and required Plaintiff to use stairs during the course of her workday.

6.  From July through August Plaintiff continued to work while undergoing treatment. Plaintiff was still experiencing pain and weakness in her knee.   Plaintiff notified Fry that if the cortisone treatments did not work she would likely have to undergo surgery to repair her knee.

7.  On October 28, 2020 Plaintiff fell down the stairs of a unit she was working on and caused further injury to her knee. She notified Fry of the fall and he sent her home for the rest of the day.   Plaintiff returned to work for her next scheduled shift.

8.  On November 20, 2020, while walking on the production floor, Plaintiff's knee suddenly gave out causing her to fall.   Plaintiff notified Fry of the incident but continued to work the rest of her shift.

9.  Due to compensating for the pain in her left knee Plaintiff continuously put more weight on her right leg while walking, and in November began to experience pain in her right knee as well.   She began receiving cortisone shots in both knees in December and notified Fry that she was undergoing treatment but that she would schedule the

appointments for Fridays and over the holiday shut-down so she would not have to miss work.

10. After the Plant reopened following shut down, on the first day back to work a co-worker tripped Plaintiff, causing her to fall. The fall caused Plaintiff to experience a great deal of pain, and a co-worker notified Fry of Plaintiff's injury.  Fry inquired if Plaintiff "was okay," to which she responded "no, I'm not."  Fry turned and walked away, and Plaintiff continued to work her shift despite the pain.

11. On February 25, 2021 Plaintiff experienced a fall while walking to her car at home, but went to work despite barely being able to walk due to the pain in her knees.  When she arrived at work, she notified Fry that she would not be able to climb stairs due to the fall and resulting exacerbation of her knee injuries and requested help for the day. Help was provided for the shift.

12. That evening while at home the pain became so intense that Plaintiff sent Fry a text message telling him that she may not be able to work the next day due to difficulty walking.

13. The following morning Plaintiff received a text message from Fry indicating she was being terminated.   A copy of the text message is attached hereto, incorporated herein, and made a part hereof as "Ex. A."

14. At no time during the period Plaintiff was undergoing treatment did Defendant offer or suggest to Plaintiff that she was entitled to utilize time off work pursuant to the FMLA to tend to her serious medical condition.

15. Plaintiff contends that her termination was unlawful, and that Defendant had a duty to

inform Plaintiff that she was qualified to utilize the FMLA to protect her job while tending to her serious medical condition.   Defendant's failure to inform Plaintiff of her right and/or offer her access to the FMLA paperwork interfered with her right to utilize the FMLA.

16. Further, Plaintiff contends that Defendant retaliated against her by terminated her knowing that she would qualify for FMLA and that she likely would need surgery to repair her knee, which would have necessitated time off work to heal.

17. Defendant's FMLA interference and retaliation was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and other damages and injuries.   Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

18. Furthermore, Defendant's interference and retaliation was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights pursuant to the FMLA. Plaintiff seeks liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, liquidated damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

4

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 625
Fort Wayne, IN 46802
Telephone:     (260) 240-4644
E-Mail:        jennifer@jhitchcocklaw.com
Attorney for Plaintiff